Case 4:19-cv-01490   Document 55   Filed on 07/09/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMA E., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-1490 |
| | § | |
| EXXON MOBIL MEDICAL PLAN and | § | |
| MAGELLAN HEALTHCARE, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMEMDATION

Pending and referred to the Magistrate Judge is Plaintiff's Second Amended Motion to Strike Defendant ExxonMobil Medical Plan's Affirmative Defenses (Document No. 40).[1]  25). In that motion, Plaintiff seeks an Order striking two of Defendant ExxonMobil Medical Plan's affirmative defenses: Affirmative Defense No. 3, that Plaintiff's claims are barred "in whole or in part by the Plan's contractual limitations provisions and/or the applicable statute of limitations;" and Affirmative Defense No. 11, that Plaintiff's claims are barred in whole or in part by waiver.  Having considered the motion, the response in opposition, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Second Amended Motion to Strike (Document No. 40) be DENIED.

This is an ERISA benefits case, with Plaintiff Emma E. alleging that she was wrongfully denied benefits by Defendant ExxonMobil Medical Plan.  As part of its Amended Answer (Document No. 39), Defendant ExxonMobil Medical Plan asserted various affirmative defenses. As is relevant to Plaintiff's pending Motion to Strike, Defendant ExxonMobil Medical Plan asserted:

---

[1] Plaintiff's Amended Partial Motion to Strike (Document No. 37), which was superseded by the filing of Plaintiff's Second Amended Motion to Strike, is MOOT.

    3.     Defendant avers that Plaintiff's claims are barred in whole or in part by the Plan's contractual limitations provisions and/or the applicable statute of limitations.

* * *

    11.    Plaintiff's claims are barred, in whole or in part, by waiver.

Defendant ExxonMobil Medical Plan's "Amended Answer and Affirmative and Other Defenses to Plaintiff's Amended Complaint" (Document No. 39, at 1, 2). Plaintiff argues in her Motion to Strike that these two asserted affirmative defenses are inadequately pled, and that because there are no supporting factual allegations, Plaintiff does not have fair notice of the nature and basis for those two affirmative defenses. ExxonMobil, in response to the Motion to Strike, maintains that the pleading of affirmative defenses is not subject to the plausibility standards set forth in *Twombly* and *Iqbal*, and that its limitations and waiver defenses are self-explanatory and provide Plaintiff with fair notice of the nature of the defenses.

    There is no clear authority in this Circuit or this District on whether affirmative defenses are subject to the plausibility pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Jordan v. Helix Energy Sols. Grp., Inc.*, 346 F. Supp. 3d 890, 899 (S.D. Tex. 2018)("The Fifth Circuit has not decided whether the pleading standard announced in *Twombly* and *Iqbal* extends to affirmative defenses, and district courts in this circuit are split on the issue."). In the absence of some clear authority on the issue, ExxonMobil's affirmative defenses are not subject to being stricken on the basis that they do not meet the plausibility pleading standards of *Iqbal* and *Twombly*.

    As for whether Plaintiff has "fair notice" of ExxonMobil's limitations and waiver defenses, which is the standard generally employed in this District, *see Fernandez v. VMOC, LLC*, No. 18-

1544, 2018 WL 4901033 *1 (S.D. Tex. Oct. 9, 2018), the undersigned concludes that the legal and factual bases supporting those affirmative defenses are included in ExxonMobil's response to Plaintiff's Motion to Strike (Document No. 42), and in the parties' summary judgment briefing. At this point, regardless of the complete absence of any factual detail in ExxonMobil's Answer to support its limitations and waiver affirmative defenses, Plaintiff knows what the factual and legal bases of those affirmative defenses are. As such, the Magistrate Judge concludes that Plaintiff has fair notice of the limitations and waiver affirmative defenses, and

RECOMMENDS that Plaintiff's Plaintiff's Second Amended Motion to Strike Defendant ExxonMobil Medical Plan's Affirmative Defenses (Document No. 40) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 9th day of July, 2020.

Frances H. Stacy
United States Magistrate Judge